JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Michael Troy Watson has filed a notice of appeal in the case captioned Chase Home Finance LLC v. Ida Oliver, et al., Cuyahoga County Common Pleas Court Case No. CV-05-556766, alleging that he is the successor in interest to Ida Oliver ("Oliver"). For the following reasons, we dismiss the appeal.
 {¶ 2} In 2005, Chase Home Finance ("Chase") filed a foreclosure action against Oliver. Oliver failed to file an answer, and Chase moved for default judgment in January 2006. In May 2006, Watson filed a pleading titled "notice of appearance of successor in interest" and attached an unrecorded assignment of property dated May 18, 2006.[1] Oliver filed a motion for leave to file an answer, which Watson also signed. The motion was granted, and Chase's motion for default judgment was denied. Chase subsequently filed a motion for summary judgment.
 {¶ 3} In August 2006, Watson filed a motion to intervene, arguing that he should be made a party to the case because he was a successor in interest. In October, the magistrate granted Chase's motion for summary judgment. A few days later, the trial court denied the motion to intervene. No objections were filed to the magistrate's decision, which the trial court adopted on November 3, 2006, thereby granting judgment for Chase and issuing a decree of foreclosure. *Page 3 
 {¶ 4} On December 8, 2006, Watson filed a motion to stay the proceedings and a motion to vacate the entry of the court, which were denied. Over the next few months Watson filed numerous motions, all of which were denied or stricken.
 {¶ 5} On March 7, 2007, Watson filed his notice of appeal, raising three assignments of error, which are listed in the appendix below.
 {¶ 6} The judgment granting Chase's motion for summary judgment was entered on November 3, 2006. That judgment was a final appealable order. Watson did not file his appeal until March 7, 2007, three months after the time to file an appeal had expired. See App.R. 4.
 {¶ 7} We have held that "bootstrapping," that is, "the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." Chapon v. StandardContracting Eng., Cuyahoga App. No. 88959, 2007-Ohio-4306, quotingState v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590; see, also, App.R. 3(D), 4(A), 5 and 16(A)(3). Watson had thirty days to appeal the denial of his motion to intervene after summary judgment was granted. As to Watson's other assigned errors, "only parties to a lawsuit, or those that properly become parties" have standing to appeal an adverse judgment. Marino v. Ortiz (1988), 484 U.S. 301, 304, *Page 4 108 S.Ct. 586, 98 L.Ed.2d 629. Since Watson is not a party to this case, he is without standing to appeal the decision of the trial court or the magistrate's actions.
 {¶ 8} Because Watson failed to timely appeal the trial court's judgment denying his motion to intervene and granting summary judgment, we lack jurisdiction to consider this appeal.
 {¶ 9} Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
SEAN C. GALLAGHER, J., and
ANTHONY O. CALABRESE, JR., J., CONCUR
 Appendix
1. "That the trial court erred in allowing an unassigned magistrate to act in this case without authority and contrary to the Rules of Superintendence.
2. That the trial court erred in denying the successor in interest Michael Troy Watson's motions for leave to intervene and other documents in error and contrary to the standard for the Court of Common Pleas Cuyahoga County, Ohio.
3. That the trial court erred in denying the successor in interest/appellant's motions for stay and/or granting plaintiff's motions to strike denying the successor in interest/appellant's motions for stay and granting motions to strike the pleadings for reasons including that it was an abuse of discretion and occurred without hearing."
[1] It is questionable whether Watson had a valid interest because R.C. 2703.26 provides that once an action concerning real property has been filed and the summons served "no interest can be acquired by third persons in the [property which is the] subject of the action, as against the plaintiffs title."

 *Page 1