[Cite as *Basit v. Chapman*, 2016-Ohio-4562.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103425

## LATIFA BASIT

PLAINTIFF-APPELLEE

vs.

## YAHNE CHAPMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848086

**BEFORE:** Stewart, J., E.T. Gallagher, P.J., and Boyle, J

**RELEASED AND JOURNALIZED:** June 23, 2016

**ATTORNEY   FOR APPELLANT**

Tyresha Brown-O'Neal
614 West Superior Avenue, Suite 1144
Cleveland, OH 44113


**FOR APPELLEE**

Latifa Basit, pro se
3553 East 114th Street
Cleveland, OH 44108

MELODY J. STEWART, J.:

{¶1} The court issued a civil protection order to petitioner-appellee Latifa Basit, restraining respondent-appellant Yahne Chapman from committing acts of abuse or making threats of abuse against Basit and her children for a period of five years. The protection order also restrained Chapman from having contact with Basit and her children and for Chapman to remain away from Basit's place of employment and her children's school/daycare. Instead of filing an immediate appeal, Chapman filed a motion for relief from the civil protection order. The court denied relief from the civil protection order, and this appeal followed.

{¶2} As required by App.R. 3(D), Chapman's notice of appeal designated the order denying her motion for relief from judgment as the subject of this appeal. Nevertheless, her brief on appeal contains no argument that the court abused its discretion by denying relief from judgment; instead, it complains that (1) the court erred by granting the civil protection order, and (2) that the court abused its discretion by denying her motion for a continuance. Although not a jurisdictional impediment to appeal, *Midland Funding L.L.C. v. Hottenroth*, 2014-Ohio-5680, 26 N.E.3d 269, ¶ 3 (8th Dist.), (*en banc*), we have discretion to refuse to consider any arguments on appeal that do not stem from the judgment or order attached to the notice of appeal. *In re L.R.H.*, 8th Dist. Cuyahoga No. 101998, 2015-Ohio-2396, ¶ 9.

{¶3} But there is another flaw in the manner in which Chapman assigns error on appeal relating only to the issuance of the civil protection order: by the time she filed her notice of appeal, more than 30 days had elapsed from the issuance of the civil protection order (the court issued the civil protection order on July 24, 2015; Chapman filed her notice of appeal on August 25, 2015). App.R. 4(A) requires a party who wishes to appeal from an order that is final upon

its entry to file a notice of appeal within 30 days of that entry. App.R. 4(A) is jurisdictional. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988); *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17.

{¶4} We have consistently refused to address assignments of errors from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely appeal — an act that we call "bootstrapping." *See, e.g.*, *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *State v. Jones*, 8th Dist. Cuyahoga No. 96630, 2012-Ohio-584, ¶ 25; *Chapon v. Std. Contracting*, 8th Dist. Cuyahoga No. 88959, 2007-Ohio-4306, ¶ 3; *Estate of Williams v. Deutsche Bank Trust Co. Am.*, 8th Dist. Cuyahoga No. 90967, 2008-Ohio-3981, ¶ 26. The reason why we prohibit bootstrapping in cases like this is that a Civ.R. 60(B) motion for relief from judgment is not a substitute for an appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998).

{¶5} As earlier indicated, any assignment of error relating to the issuance of the civil protection order in this case is time-barred. Even though Chapman filed a timely notice of appeal from the court's refusal to grant her relief from the civil protection order, her merit brief raises no argument of any kind relating to that order. Although Chapman may not have been consciously attempting to bootstrap issues relating to the issuance of the civil protection order, those issues are nonetheless time-barred so we cannot consider them; the only issues that would be properly before us are issues relating to the court's refusal to grant relief from judgment.

{¶6} Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR