[Cite as *KeyBank Natl. Assn. v. Hogan Elec. Co., L.L.C.*, 2023-Ohio-935.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEYBANK NATIONAL
ASSOCIATION,                                          :

      Plaintiff-Appellee,                    :

                                       No. 112010

      v.                                                    :

HOGAN ELECTRIC COMPANY                  :
LLC, ET AL.,

                                       :

      Defendants-Appellants.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 23, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-908186

---

### *Appearances:*

Dafney Dubuisson Stokes Esq., Jordyn N. Kopcow and
Daniel C. Fleming, pro hac vice, *for appellee.*

John W. Hogan, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant John W. Hogan appeals the trial court's denial of a document styled as a "Motion to dismiss false loan default claim[,] Reverse judgement[ and] Order KeyBank to return Lien payments."  For the reasons that follow, we dismiss the appeal.

## I. Factual Background and Procedural History

{¶ 2} On December 10, 2018, KeyBank National Association filed a complaint alleging breach of contract against Hogan Electric Company, LLC ("Hogan Electric") and alleging breach of personal guarantee against John W. Hogan.

{¶ 3} Hogan filed an answer on December 26, 2018, on his own behalf and purportedly on behalf of Hogan Electric. The trial court struck the answer as to Hogan Electric, reasoning that "a non-lawyer corporate officer or agent cannot litigate or appear on behalf of a corporation." Hogan thereafter wrote several letters, which are in the record, in which he described having difficulty retaining a lawyer to represent the company.

{¶ 4} KeyBank filed a motion for default judgment against Hogan Electric Company LLC and summary judgment against John W. Hogan as guarantor of Hogan Electric Company LLC. On November 26, 2019, the trial court granted default judgment to KeyBank against Hogan Electric and granted summary judgment to KeyBank against Hogan; it awarded KeyBank $47,973.96 and ordered that the defendants were liable for that amount, jointly and severally. Neither Hogan Electric nor Hogan appealed that judgment.

{¶ 5} Instead, on December 5, 2019, an attorney filed a notice of appearance on behalf of Hogan Electric and Hogan "for the limited purpose of attempting to negotiate a settlement, filing [a] motion requesting the court postpone the [trial] date, and requesting from the court permission to amend Mr. Hogan's pro se

filings." This was the first time Hogan Electric had made any appearance, albeit limited, in the case. On January 2, 2020, Hogan Electric and Hogan filed a motion requesting "either a settlement conference or hearing for the [c]ourt to determine the amount of money owed, if any, to [KeyBank]." The trial court denied the motion on January 16, 2020.

{¶ 6} Thereafter, KeyBank requested and the trial court ordered a debtor's examination to take place no later than April 2, 2021. Hogan submitted two letters to the court in March 2021, in which he described his difficulty in retaining counsel to assist him in the litigation.

{¶ 7} KeyBank requested a judgment lien and writs of execution between July and September 2021. The writs were returned as executed with "no response." Hogan filed another request for a hearing on October 5, 2021.

{¶ 8} KeyBank again requested writs of execution in February 2022 and the writs were again executed with "no response" in March 2022. Hogan submitted a letter to the court in June 2022, again requesting a hearing.

{¶ 9} On August 4, 2022, Hogan filed a document styled a "Motion to dismiss false loan default claim[,] Reverse judgement[ and] Order KeyBank to return Lien payments." On September 6, 2022, the trial court denied the motion, reasoning that "the case has been fully adjudicated * * *."

{¶ 10} Hogan appealed from the denial of that motion. He raises several alleged errors in a single assignment of error:

The trial court erred when it decided to strike my answer to the loan default claim because I am a non-lawyer and not dismiss the false line of credit default claim made by the plaintiff's attorney. The trial court erred when it had the proof that KeyBank had changed the terms of the 2006 line of credit agreement in 2009. This change was prior to filing the line of credit default claim in 2018 based on the 2006 line of credit agreement. That was a false claim made by KeyBank and the case should have been dismissed. The plaintiff's attorney made another false claim to the court. The attorney told the court that the 2009 change in terms notice was a 2006 line of credit application supplemental document. The trial court erred when it did not hold the plaintiff's attorney accountable for making the false claim to the court and by awarding a judgment to the bank based on the false claim. The trial court erred when the court did not dismiss the false loan default claim made by the bank. That would have eliminated the case and the need for a lawyer.

## II. Law and Analysis

{¶ 11} Hogan is attempting to appeal from the trial court's November 2019 final order granting a default judgment against Hogan Electric and summary judgment against him personally.[1] We dismiss the appeal because it is not timely.

{¶ 12} The November 2019 order was a final and appealable order; it disposed of all the claims between all the parties, leaving nothing to be determined. *See Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462, ¶ 14–15. Hogan did not appeal from that order. He instead filed several motions over the next three years asking the court for hearings and arguing that KeyBank was not entitled to the judgment the trial court awarded. He appeals only from the denial of his most recent motion, the substance of which is again that the trial court erred in

---

[1] While we dismiss the appeal as untimely, we also note that Hogan Electric has not appealed the default judgment issued against it and has not filed an appearance in our court.

entering the default judgment and the summary judgment against him and Hogan Electric in 2019; he says that KeyBank's claims should have been dismissed.

{¶ 13} Our court only has jurisdiction to consider appeals that are timely filed. *See* App.R. 4 ("[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."); *see also, e.g.*, *LexisNexis v. Ostrow*, 2d Dist. Montgomery No. 27715, 2017-Ohio-9393, ¶ 4 ("App.R. 4's time requirements are 'mandatory and jurisdictional' * * *."), quoting *Craft v. Ferguson*, 5th Dist. Stark No. 2002CA00346, 2003-Ohio-3173, ¶ 15.

{¶ 14} While Hogan's appeal is timely from the denial of his August 2022 "Motion to dismiss false loan default claim[,] Reverse judgement[ and] Order KeyBank to return Lien payments," the substance of that motion addressed the merits of the November 2019 final judgment. This is an example of "bootstrapping," that is, assigning error "from a final order that was not the subject of a timely notice of appeal" in an "otherwise timely appeal." *E.g.*, *Basit v. Chapman*, 8th Dist. Cuyahoga No. 103425, 2016 Ohio App. LEXIS 2399, 2–3 (June 23, 2016). Our court has consistently refused to address "bootstrapped" assignments of error. *Id.* (collecting cases); *see also Chapon v. Std. Contracting & Eng.*, 8th Dist. Cuyahoga No. 88959, 2007-Ohio-4306, ¶ 3. "Bootstrapping" "'is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result

of that order." *Chapon* at ¶ 3, quoting *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995).

**{¶ 15}** Hogan had thirty days to appeal after summary judgment was granted against him. We are mindful that Hogan is not an attorney and he expressed difficulty in retaining an attorney to assist him in this litigation. But, pro se or not, because Hogan failed to timely appeal, we lack jurisdiction to consider his appeal. *See Chase Home Fin. LLC v. Oliver*, 8th Dist. Cuyahoga No. 89531, 2008-Ohio-235, ¶ 8 ("Because Watson failed to timely appeal the trial court's judgment entry * * * we lack jurisdiction to consider this appeal.").

## III. Conclusion

**{¶ 16}** Because Hogan's attempt to appeal the trial court's summary judgment is untimely, we dismiss the appeal.

It is ordered that the appellee recover from the appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN T. GALLAGHER, J., CONCUR