[Cite as *Bukovec v. Keger*, 2024-Ohio-1162.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| FRANK J. BUKOVEC, ET AL., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 113024 |
| v. | : | |
| KEITH KEGER, ET AL., | : | |
| Defendants-Appellants. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 28, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-971335

*Appearances:*

Ronald A. Annotico, *for appellees*.

Sammon Law, LLC, and Colin P. Sammon, *for appellants*.

MARY J. BOYLE, J.:

{¶ 1} Defendants-appellants, Keith Keger ("Keger") and Keger Restaurant Enterprise, LLC ("KRE") (collectively "appellants"), appeal the trial court's denial of their second Civ.R. 60(B) motion for relief from judgment. For the reasons set forth below, we dismiss.

## I. Facts and Procedural History

{¶ 1} The instant case arises from a business relationship between plaintiff-appellee, Frank J. Bukovec ("Bukovec"), and Keger that went awry. According to Bukovec's complaint, he and Keger joined together as mutual business partners to open a new restaurant in Parma, Ohio. In December 2021, they filed an application with defendant Ohio secretary of state to open a limited liability company, plaintiff-appellee, B&K Restaurant Enterprise, LLC ("B&K"). Bukovec and Keger each held 50 percent membership interest in B&K. They did not draft a written operating agreement for B&K and each contributed $5,000.00 in capital to B&K.

{¶ 2} In January 2022, Bukovec and Keger each paid $15,000.00 and entered into a written franchise agreement with J & J Restaurant Franchises, LLC to open "The Original Steaks and Hoagies." Defendant-Joshua Bierman ("Bierman") is a member or owner of J & J Restaurant Franchises, LLC. Bierman is a longtime friend of Keger's. Both Bukovec and Keger invested their time, labor, and money to open the business.

{¶ 3} The restaurant opened in April 2022, which was the same month Bukovec was ordered to serve a jail sentence until October 2022 on a misdemeanor probation violation. While Bukovec was in jail, Keger created KRE, with a stated business purpose "to serve authentic [P]hiladelphia cheesesteaks and fresh made sides at a reasonable price," which Bukovec alleges is the same business purpose of B&K. When Bukovec completed his jail sentence, he returned to work at B&K and Keger informed him that he was not welcome at the business any longer. Keger

called the Parma Police and demanded Bukovec be removed from the business. Keger then locked the doors and shut the business down for the day, refusing Bukovec entry.

{¶ 4} Bukovec alleged that Keger was diverting the daily income and cash receipts from B&K's operations into his own personal bank accounts or those of KRE's and was blocking Bukovec from access to account information for B&K. Keger transferred B&K's operating revenue and income to either himself or to KRE and contacted B&K's landlord to cancel B&K's lease in an attempt to issue a new lease to KRE. Ultimately, the appellees alleged that Keger attempted to dissolve B&K and filed dissolution paperwork with the secretary of state without Bukovec's consent.

{¶ 5} As a result, appellees Bukovec and B&K (collectively "appellees") filed a seven-count complaint against appellants, Bierman, and the Ohio secretary of state, alleging (1) breach of duty of loyalty, breach of covenant of good faith and fair dealing, and violations of R.C. Chapter 1706; (2) conversion; (3) unjust enrichment; and (4) tortious interference; and seeking (5) a judicial expulsion of Keger from B&K; (6) injunctive relief; and (7) a declaratory judgment.[1] The appellees were not able to obtain service on the appellants until February 13 and 21, 2023, through personal service by the sheriff's department. On March 16, 2023, appellees filed a motion for default judgment against KRE, alleging that KRE was served via the

---

[1] Appellees voluntarily dismissed the Ohio secretary of state from the case in January 2023, and Bierman was voluntarily dismissed in April 2023.

sheriff on February 13, 2023, and was required to file an answer within 28 days, but failed to do so. Then, on March 21, 2023, appellees filed a motion for default judgment against Keger, alleging that Keger was served via the sheriff on February 21, 2023, and was required to file an answer within 28 days, but failed to do so.

{¶ 6} The trial court set a hearing on the motions for default judgment, which was continued to April 13, 2023, at appellees' request. Appellees' counsel and Keger, pro se, appeared at this hearing. Keger requested leave to file an answer on behalf of himself and KRE. The court granted Keger's motion and continued the default hearing until April 19, 2023, at 1:30 p.m. The court ordered Keger to file his answer by 12:00 p.m. on April 19, 2023. The court further order that the default hearing would be converted to a pretrial if Keger timely filed an answer, and the motion for default remained pending with the court. The court also provided Keger a copy of a detailed written advisement to pro se litigants, urging him to retain an attorney or contact the legal aid office. On the same day, Bukovec filed an affidavit of damages, averring that he is owed $183,599 from appellants.

{¶ 7} The next day, appellees' counsel filed a notice of default hearing that was mailed to appellants, advising them of the hearing on April 19, 2023. On April 19, 2023, the parties appeared before the court. Keger did not filed an answer, nor did he retain counsel. The trial court then entered default judgment in favor of the appellees. The court found that

> as to Counts One, Two, Three, and Four, [appellees] are granted a judgment against [appellants], jointly and severally, in the amount of

$183,599.00, plus interest at 5% per annum from the date of judgment, and courts costs.

As to Count Five, [Keger] is hereby judicially expelled as a member of [B&K] pursuant to R.C. 1706.411(D) effective as of April 19, 2023.

As to Court Six, the Court hereby orders the following injunctive relief:

> 1. [Keger] is enjoined from transferring any income, revenue, property, equipment, inventory, business records, or employees of [B&K] to either himself or any other person, entity, or any bank accounts not held in the name of [B&K].
>
> 2. [Keger] is enjoined from entering the premises of 7894 Broadview Road, Parma, Ohio 44134.
>
> 3. [Keger] is enjoined from interfering in any contracts which [B&K] is a party to, including but not limited to, the lease, franchise agreement, bank account agreements, or vendor or supplier agreements.
>
> 4. [Keger] is to remove himself from any bank accounts, vendor accounts, supplier accounts, food delivery service accounts, advertising accounts, payment processing accounts, and social media accounts of [B&K] on or before April 19, 2023.

As to Count Seven, as [Keger] is judicially expelled as a member of [B&K], the Court hereby declares that [Bukovec] is now the one hundred percent and sole member of [B&K].

(Judgment Entry, Apr. 25, 2023.)

{¶ 8} After the default hearing, Keger filed a pro se motion for relief from judgment requesting that the judgment be set aside because he "would like to seek [counsel] for myself and my [LLC]." He further stated that "the amount of money that was granted to the plaintiff is not correct. I can show that all the money was used for business purposes only. * * * I was just informed today that a judgment was entered." (Motion, Apr. 19, 2023.)

{¶ 9} Then on April 23, 2023, appellants retained counsel, who filed a notice of appearance and answers on appellants' behalf. The next day, appellees filed a motion to strike the answers, which the trial court granted, and an opposition to the motion for relief from judgment. The court also denied appellants' motion for relief from judgment that same day.

{¶ 10} Appellants did not appeal from this trial court judgment. Instead, on June 21, 2023, appellants filed a second motion for relief from judgment under Civ.R. 60(B)(1) and (5), which the appellees opposed. In their motion, appellants requested that the trial court find their failure to file an answer as excusable neglect because their "inaction was not a complete disregard of the judicial system." Appellants noted that Keger appeared at the two hearings set by the court. However, appellants claimed that they did not file an answer because of their reliance on Bukovec's representations. Appellants contended that after service of the complaint in February 2023, Bukovec repeatedly told Keger that he was not going to continue to pursue the action and that he would resolve the matters with him independently of the lawsuit. As a result, appellants maintained that they are entitled to relief from judgment because of their excusable neglect in this regard, coupled with Bukovec's misrepresentations. On June 29, 2023, the trial court issued a journal entry denying appellants' second motion for relief from judgment.

{¶ 11} It is from this order appellants now appeal, raising the following two assignments of error for review:

**Assignment of Error I:**

The trial court erred and/or committed reversible error and/or abused its discretion when it denied appellants' Civ.R. 60(B) motion.

**Assignment of Error II:**

The trial court erred and/or committed reversible error and/or abused its discretion in denying appellants' Civ.R. 60(B) motion without first conducting an evidentiary hearing.

## II. Law and Analysis

{¶ 12} Within these assigned errors, appellants argue the court erred when it denied their Civ.R. 60(B) motion for relief from judgment because they demonstrated excusable neglect, claiming that Bukovec approached Keger to convince him that they would resolve their differences outside of court. Keger relied on this representation to his detriment. Appellants further argue that the court erred by denying their motion without first conducting a hearing.

{¶ 13} Appellees, however, contend that the appellants failed to timely appeal (1) the April 25, 2023 judgment entry granting appellees' motion for default judgment; (2) the April 24, 2023 journal entry denying their first motion for relief from judgment; and (3) the April 24, 2023 journal entry striking their answers as untimely filed. Appellees contend that, instead, the appellants used the filing of a second motion for relief from judgment as a substitute for their direct appeal. We agree.

{¶ 14} This court has previously stated:

We have consistently refused to address assignments of errors from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely

appeal — an act that we call "bootstrapping." *See, e.g., State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *State v. Jones*, 8th Dist. Cuyahoga No. 96630, 2012-Ohio-584, ¶ 25; *Chapon v. Std. Contracting*, 8th Dist. Cuyahoga No. 88959, 2007-Ohio-4306, ¶ 3; *Estate of Williams v. Deutsche Bank Trust Co. Am.*, 8th Dist. Cuyahoga No. 90967, 2008-Ohio-3981, ¶ 26. The reason why we prohibit bootstrapping in cases like this is that a Civ.R. 60(B) motion for relief from judgment is not a substitute for an appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 1998 Ohio 643, 689 N.E.2d 548 (1998).

*Basit v. Chapman*, 8th Dist. Cuyahoga No. 103425, 2016-Ohio-4562. Moreover,

> "[t]his type of 'bootstrapping' *to wit*, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. *See*, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)."

*Winters v. Doe*, 8th Dist. Cuyahoga No. 74384, 1998 Ohio App. LEXIS 4221, 6 (Sept. 10, 1998), quoting *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995).

{¶ 15} In the instant case, the trial court issued final appealable orders on April 24, 2023, when it granted default judgment against the appellants and denied appellants' first motion for relief from judgment. As a result, appellants were required, under App.R. 4, to file their notice of appeal of these orders on or before May 24, 2023. According to the docket, appellants' counsel filed his notice of appearance on April 23, 2023. Appellants did not file a notice of appeal from the judgment entry granting default judgment or denying their first motion for relief from judgment. Rather, appellants filed their answers to the complaint, without first seeking leave, and then filed a second motion for relief from judgment on June 21,

2023. The court denied this second motion on June 29, 2023. Appellants then filed their notice of appeal on July 26, 2023.

{¶ 16} By appealing from the June 29, 2023 journal entry denying appellants' second motion for relief from judgment, appellants are attempting to bootstrap arguments that are time barred. Appellants are attempting to utilize the instant appeal (their second Civ.R. 60(B) motion for relief from judgment) to improperly seek review of alleged errors that they failed to timely appeal (the grant of default judgment). As a result, we lack jurisdiction to consider this appeal. *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 8th Dist. Cuyahoga No. 88847, 2007-Ohio-3924, ¶ 17; *Rahim v. Superior Restaurant, Inc.*, 8th Dist. Cuyahoga No. 85411, 2005-Ohio-1963, ¶ 14

{¶ 17} Appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR