[Cite as *Plaza v. Roberts*, 2024-Ohio-3021.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ROBERT PLAZA,                          :

    Plaintiff-Appellant,          :

                                      No. 113693

    v.                             :

NIKITA ROBERTS, ET AL.,                :

    Defendants-Appellees.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-981740

---

*Appearances:*

Robert Plaza, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, Robert Plaza, appeals (1) an order dismissing his complaint against the defendants-appellees Nikita Roberts ("Roberts") and K.B. (a minor at the time period relevant to Plaza's allegations) and (2) an order denying his Civ.R. 60(B) motion for relief from that order. The defendants-appellees have not filed an appearance in the appeal and have not responded to Plaza's appellate arguments.

{¶ 2} For the reasons that follow, we dismiss the appeal.

## I.   Factual Background and Procedural History

{¶ 3} Plaza, acting pro se, filed a complaint against Roberts and K.B. on June 29, 2023, asserting "fraud."

{¶ 4} Plaza alleged that he was on parole with a parole condition that prohibited him from having contact with minors. He claimed that K.B. misrepresented himself as an adult on a social-networking application designed to facilitate communications and connections between adults. Plaza further alleged that Roberts (as K.B.'s mother) facilitated and encouraged K.B.'s use of the adult application.

{¶ 5} Plaza allegedly communicated with K.B. over the application and ultimately met face-to-face with K.B. several times. Plaza alleged that these encounters, in turn, caused him to be found in violation of his parole. He says he was sentenced to serve a prison term based on this parole violation. Plaza asked for an award of "general damages, punitive damages, and special damages."

{¶ 6} On October 31, 2023, the trial court filed a notice of its intent to dismiss the complaint, sua sponte, under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The court ordered Plaza to show cause as to why the complaint should not be dismissed.

{¶ 7} On November 16, 2023, Plaza filed a document styled as a "motion showing cause against dismissal," in which he argued that his complaint stated a claim for fraud and that he suffered cognizable damages for (1) violating his parole

"without my knowledge" and (2) being "traumatized" by "mental anguish and pain and suffering."

{¶ 8} On December 14, 2023, the trial court issued an order dismissing the complaint with prejudice for failure to state a claim. The court reasoned, among other things, that a parent is not vicariously liable for a child's fraud and that Plaza did not plead with particularity "the circumstances that would lead him to a justifiable reliance on [K.B.'s] representations about his age." The docket notes that the judgment entry was sent by regular mail service to Plaza.

{¶ 9} Initially, Plaza did not appeal the judgment. He instead filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5) on January 17, 2024. In the motion, Plaza argued that his complaint, while "perhaps inartful[]," adequately pleaded a claim for "negligent supervision" against Roberts and adequately set forth circumstances showing his justifiable belief that K.B. was an adult.

{¶ 10} On February 7, 2024, the trial court denied the motion. Plaza filed his notice of appeal on March 1, 2024. His notice identified that he is appealing both the December 2023 dismissal order and the February 2024 denial of his Civ.R. 60(B) motion. His assignments of error, however, address only the dismissal order:

> First Assignment of Error: The trial court erred and abused its discretion by dismissing the case on the basis of determining that Plaintiff did not "allege with particularity sufficient surrounding circumstances that his reliance on the misrepresentation of Defendant [K.B.] is justifiable," in violation of Plaintiff's right to due process of law.
>
> Second Assignment of Error: The trial court erred and abused its discretion by dismissing the complaint in this case while failing to

address the liability incurred by negligent supervision, pled within the complaint.

## II. Law and Analysis

{¶ 11} Before we can review the merits of the assignments of error, we must first consider whether we have jurisdiction to hear this appeal. *See, e.g.*, *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 2017-Ohio-7174, ¶ 7 (8th Dist.) (noting that the court has a duty to examine, sua sponte, potential deficiencies in its jurisdiction).

{¶ 12} Pursuant to App.R. 4(A), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." This court only has jurisdiction to consider appeals that are timely filed. *See, e.g.*, *Portfolio Recovery Assocs. LLC v. Crenshaw*, 2024-Ohio-1282, ¶ 8 (8th Dist.); *see also LexisNexis v. Ostrow*, 2017-Ohio-9393, ¶ 4 (2d Dist.) ("App.R. 4's time requirements are 'mandatory and jurisdictional'"), quoting *Craft v. Ferguson*, 2003-Ohio-3173, ¶ 15 (5th Dist.).

{¶ 13} Here, Plaza is attempting to appeal from the trial court's December 2023 final order dismissing his complaint for failure to state a claim. Plaza did not appeal from that order until March 2024, well outside the window prescribed by App.R. 4(A).

{¶ 14} While Plaza sought to set the order aside through a Civ.R. 60(B) motion, "[a] litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 12, citing *Harris v. Anderson*, 2006-Ohio-1934, ¶ 9; *see also Bank of Am., N.A. v.*

*Kuchta*, 2014-Ohio-4275, ¶ 15 (Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision.").

{¶ 15} Plaza's appeal is timely from the denial of his Civ.R. 60(B) motion, but the substance of his assignments of error address only the merits of the December 2023 final judgment. Moreover, the argument sections of his appellate brief focus on the Civ.R. 12(B)(6) standard for dismissal and criticize the trial court's analysis in its dismissal order. The brief lacks any significant analysis or argument regarding the relevant standards for reviewing the denial of a Civ.R. 60(B) motion.

{¶ 16} This is an example of "bootstrapping," that is, assigning error "from a final order that was not the subject of a timely notice of appeal" in an "otherwise timely appeal." *E.g.*, *Basit v. Chapman*, 2016-Ohio-4562 (8th Dist.). This court has consistently refused to address "bootstrapped" assignments of error. *Id.* (collecting cases); *see also Chapon v. Std. Contracting & Eng.*, 2007-Ohio-4306, ¶ 3 (8th Dist.). "Bootstrapping" "'is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order.'" *Chapon* at ¶ 3, quoting *State v. Church*, 1995 Ohio App. LEXIS 4838 (8th Dist. Nov. 2, 1995).

{¶ 17} Plaza had 30 days to appeal the dismissal of his complaint. We are mindful that Plaza is not an attorney. But, pro se or not, because he failed to timely appeal, we lack jurisdiction to consider his appeal. *See, e.g.*, *Chase Home Fin. LLC v. Oliver*, 2008-Ohio-235, ¶ 8 (8th Dist.) ("Because [appellant] failed to appeal the trial court's judgment entry . . . we lack jurisdiction to consider this appeal.").

## III. Conclusion

{¶ 18} Because (1) Plaza's appeal from the trial court's December 14, 2023 dismissal order was untimely and (2) he failed to articulate any alleged error with respect to the trial court's February 7, 2024 judgment dismissing his Civ.R. 60(B) motion, we dismiss this appeal.

It is ordered that the appellant bear the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY J. BOYLE, J., CONCUR