[Cite as *State v. Schumacher*, 2025-Ohio-4756.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,          :

                                 No. 114773

    v.                           :

WILLIAM SCHUMACHER,                          :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 16, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-656702-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant William Schumacher appeals the trial court's denial of his motion to terminate his driver's license suspension. For the reasons that follow, we dismiss the appeal.

{¶ 2} In 2021, Schumacher was charged with failure to comply pursuant to R.C. 2921.331(B), a felony of the third degree. He subsequently pled guilty to attempted failure to comply, a felony of the fourth degree. The trial court sentenced him to 42 months of community-control sanctions. The trial court also suspended his driver's license for a period of five years.

{¶ 3} Schumacher successfully completed the terms of his community control and was terminated from probation on June 26, 2023. His driver's license suspension is set to expire August 11, 2026.

{¶ 4} On August 8, 2023, Schumacher filed a notice of appeal, stating that he was appealing as of right pursuant to App.R. 4(B).[1] *See State v. Schumacher*, 8th Dist. Cuyahoga No. 113066. The State filed a brief in opposition arguing that Schumacher failed to comply with App.R. 5, which governs delayed appeals in criminal cases and provides in part that "[a] motion for leave to appeal . . . shall set forth the reasons for the failure of the appellant to perfect an appeal as of right." App.R. 5(A)(2). This court dismissed the appeal for Schumacher's failure to set forth a reason for the delay. Motion No. 566743 (Aug. 21, 2023). The Ohio Supreme Court declined jurisdiction. *See State v. Schumacher*, 2024-Ohio-163.

{¶ 5} On March 7, 2024, Schumacher filed a motion to terminate the suspension of his driver's license, citing Civ.R. 60(B) and claiming that the suspension was contrary to law. The trial court denied the motion.

---

[1] App.R. 4 governs appeals as of right and provides that a party that wishes to appeal a final order must file a notice of appeal within 30 days of the order. App.R. 4(B) provides exceptions to the appeal time period, none of which were applicable to this case.

{¶ 6} Schumacher filed a timely notice of appeal and raises two assignments of error for our review:

> I. The trial court's imposition of a 5-year license suspension in addition to 42 months of community control sanctions was contrary to law, contravened the defendant's right to due process, and the trial court should have granted appellant's request to terminate it.

> II. Given that appellant has a right to appeal a sentence that is contrary to law but was deprived of that right in this instance, his employment of a motion to terminate the sentence pursuant to Civ.R. 60(B) which also and alternatively sought relief under R.C. 2953.21 were appropriate jurisdictional vehicles through which to do so.

{¶ 7} In his assignments of error, Schumacher argues that his driver's license suspension was contrary to law and that he was deprived of the right to appeal the suspension.

{¶ 8} As mentioned, after this court dismissed Schumacher's first appeal, he filed a motion to terminate the suspension of his driver's license, citing Civ.R. 60(B)(5). Civ.R. 60(B) provides that a court may relieve a party from a final judgment for several enumerated reasons, including, as stated in Civ.R. 60(B)(5), "any other reason justifying relief from judgment." In his motion, Schumacher claimed he was entitled to relief because his suspension was contrary to law, the trial court failed to advise him of his appellate rights, and his trial counsel failed to file a timely notice of appeal.

{¶ 9} Here, Schumacher attempted to invoke the provisions of the civil rules in his criminal case. In some limited instances, the civil rules may be applicable to criminal actions. Crim.R. 57 provides that "[i]f no procedure is specifically

prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Thus, Schumacher may file a motion pursuant to Civ.R. 60(B) where no similar basis for relief exists under the criminal rules.

{¶ 10} In denying Schumacher's motion, the court stated that it was denying the motion as untimely but did not state whether it considered the motion under Civ.R. 60(B) or converted the motion to a petition for postconviction relief. A Civ.R. 60(B) motion may be recast as a petition for postconviction relief in a criminal case when it was "'"(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.'"" *State v. Majid*, 2025-Ohio-172, ¶ 12 (8th Dist.), quoting *State v. Schlee*, 2008-Ohio-545, ¶ 12, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 11} Schumacher never claimed his constitutional rights were violated.[2] Consequently, because the relief requested does not fit squarely within the criteria outlined in *Schlee*, we will consider the motion under Civ.R. 60(B) as opposed to the postconviction statutory framework.[3] *See, e.g., State v. Berk*, 2022-Ohio-2297, ¶ 16

---

[2] Schumacher stated in the heading to his first assignment of error that the court violated his due-process rights. However, he did not make this claim in the body of his brief. More importantly, Schumacher did not allege in his motion to terminate his suspension that his right to due process, or any other constitutional right, was violated.

[3] Schumacher claimed that the trial court erred in failing to apprise him of his appellate rights. Schumacher has not provided this court with a transcript of the trial

(10th Dist.) (reviewing appellant's claims under a Civ.R. 60(B) framework because the motion did not claim a denial of constitutional rights); *State v. Bang To*, 2019-Ohio-1795, ¶ 25 (10th Dist.) (finding appellant's Civ.R. 60(B) motion that did not hinge on alleged constitutional deprivations was subject to review under Civ.R. 60(B)).

{¶ 12} Schumacher's appeal from the denial of the motion to terminate his driver's license suspension was timely, but his arguments center around the trial court's August 11, 2021 sentencing entry, which imposed a five year driver's license suspension. This court has "consistently refused to address assignments of errors from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely appeal — an act that we call 'bootstrapping.'" *Bukovec v. Keger*, 2024-Ohio-1162, ¶ 15, quoting *Basit v. Chapman*, 2016-Ohio-4562 (8th Dist.). The utilization of a subsequent order to indirectly and untimely appeal a prior order, which was not the subject of a direct appeal, "is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." *Bukovec* at *id.*, quoting *Winters v. Doe*, 1998 Ohio App. LEXIS 4221, *6 (8th Dist. Sept. 10, 1998); *see also State v. Streets*, 2025-Ohio-2598 (8th Dist.).

---

court's sentencing hearing to confirm his allegation, but the right to appeal is not one of the constitutional rights enumerated in Crim.R. 11(C)(2)(c). *State v. Jones*, 2003-Ohio-4513, ¶ 8 (10th Dist.).

{¶ 13} In *Plaza v. Roberts*, 2024-Ohio-3021, ¶ 12 (8th Dist.), the trial court dismissed the plaintiff's complaint for failure to state a claim. Instead of filing a direct appeal, the plaintiff filed a Civ.R. 60(B) motion for relief from judgment. The trial court denied the motion, and the plaintiff filed a notice of appeal. In finding that it did not have jurisdiction to consider the appeal, this court noted that while the plaintiff's appeal was timely from the denial of Civ.R. 60(B) motion, the substance of his arguments addressed the merits of the initial order dismissing his case. *Id.* at ¶ 15.

{¶ 14} In *Streets*, the appellant was sentenced to community-control sanctions that included monitoring of his electronic devices. The appellant did not appeal his conviction but later filed a motion to modify the conditions of his sanctions to stop the monitoring. The trial court denied his motion. The appellant filed an appeal from this denial, but the substance of his argument was that the trial court erred when it imposed monitoring as a condition of probation. This court found that the appellant was attempting to "bootstrap" the appeal by challenging the trial court's denial of his motion to modify the conditions his probation. This court concluded that his claim was time-barred and dismissed the appeal. *Id.* at ¶ 12.

{¶ 15} In this case, the trial court issued a final order imposing Schumacher's driver's license suspension on August 11, 2021. Schumacher did not file a notice of appeal until August 8, 2023. Schumacher did not file a motion for leave to appeal pursuant to App.R. 5; rather, he attempted to file the appeal under App.R. 4 stating

that he was appealing as of right. This court rightly dismissed his appeal as untimely.

{¶ 16} Schumacher then filed a motion to terminate his driver's license suspension. The core of Schumacher's argument was that the trial court erred in imposing the suspension — a claim that could have been made on direct appeal. By appealing from the journal entry denying Schumacher's motion to terminate his suspension, Schumacher is attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal. Because Schumacher is attempting to bootstrap a claim that is now time-barred, we are without jurisdiction to consider his appeal. *Streets* at *id.*; *Cleveland v. Sabetta*, 2021-Ohio-4426, ¶ 22 (8th Dist.); *State v. Cottrell*, 2010-Ohio-5254, ¶ 19 (8th Dist.).

{¶ 17} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR