**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 89.]**

**KEY, APPELLANT, *v*. MITCHELL, WARDEN, APPELLEE.**

**[Cite as *Key v. Mitchell*, 1998-Ohio-643.]**

*Appellate procedure—Appeal dismissed when not properly perfected pursuant to S.Ct.Prac.R. II(2)(A)(1).*

(No. 97-1836—Submitted January 21, 1998—Decided February 18, 1998.)

APPEAL from the Court of Appeals for Trumbull County, No. 96-T-5548.

————————

{¶ 1} In 1986, the Summit County Court of Common Pleas convicted appellant, Phillip R. Key, of complicity to commit aggravated robbery and sentenced him to a prison term of five to twenty-five years. In 1989, the common pleas court convicted Key of several offenses, including three counts of aggravated robbery, and sentenced him accordingly.

{¶ 2} In 1996, Key filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus. Key claimed that his 1986 conviction was void because the presiding judge of the common pleas court lacked jurisdiction to assign a judge from the probate division to his criminal case and the probate judge lacked jurisdiction to try, convict, and sentence him. Key further claimed that his 1989 aggravated robbery convictions were void because his indictment did not properly charge these offenses. In December 1996, the court of appeals granted the Civ.R. 12(B)(6) motion of appellee, Trumbull Correctional Institution Warden Betty Mitchell, and dismissed Key's petition. Instead of appealing this judgment, Key filed a motion to vacate the judgment pursuant to Civ.R. 60(B). In July 1997, the court of appeals overruled Key's motion.

{¶ 3} The cause is now before this court upon Key's purported appeal as of right.

————————

*Phillip R. Key, pro se.*

*Betty D. Montgomery*, Attorney General, and *D.J. Hildebrandt*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 4}** In order to perfect an appeal from a court of appeals to the Supreme Court other than in a certified conflict case, the appellant must file a notice of appeal in this court within forty-five days from the entry of judgment being appealed. S.Ct.Prac.R. II(2)(A)(1). For the reasons that follow, we dismiss Key's appeal because it was not properly perfected pursuant to S.Ct.Prac.R. II(2)(A)(1).

**{¶ 5}** First, Key did not file a timely appeal from the December 1996 court of appeals judgment dismissing his habeas corpus petition. In this appeal, Key challenges the December 1996 judgment dismissing his petition rather than the July 1997 court of appeals entry denying his Civ.R. 60(B) motion for relief from judgment. Key did not file a notice of appeal in this court within forty-five days from the December 1996 judgment. Second, Key's Civ.R. 60(B) motion for relief from judgment did not extend the time for Key to appeal the December 1996 judgment. A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268, 1269; *State ex rel. McCoy v. Coyle* (1997), 80 Ohio St.3d 1430, 685 N.E.2d 542. All of Key's claims could have been raised in a timely appeal from the December 1996 judgment of the court of appeals dismissing his petition.

**{¶ 6}** As we held in *Durkin*, 39 Ohio St.3d at 192-193, 529 N.E.2d at 1269:

"[T]he city is essentially attempting to gain review of the January 16, 1986 judgment by appealing the denial of the [Civ.R. 60(B)] motion to vacate [that] was rendered by the appellate court in February 1988. Such procedural devices cannot

2

be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a [Civ.R. 60(B)] motion to vacate judgment. For these reasons, we find appellee's motion to dismiss to be well-taken and, therefore, the appeal by the city is hereby dismissed."

{¶ 7} Accordingly, we dismiss Key's appeal because it was not properly perfected.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____