[Cite as *Seitz v. Seitz*, 2011-Ohio-1826.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

JOHN M. SEITZ                                     :

    Plaintiff-Appellant              : C.A. CASE NO.   2010 CA 9

v.                                                :  T.C. NO.    08DR200

GAIL R. SEITZ                                     :   (Civil appeal from Common
                                                       Pleas Court, Domestic Relations)
    Defendant-Appellee               :

                                                  :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the   15th   day of    April   , 2011.

. . . . . . . . . .

DOUGLAS W. GEYER, Atty. Reg. No. 0022738, 451 Upper Valley Pike, Springfield, Ohio
45504
    Attorney for Plaintiff-Appellant

VALERIE JUERGENS WILT, Atty. Reg. No. 0040413, 333 N. Limestone Street, Suite 104,
Springfield, Ohio 45503
    Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1}  John Seitz appeals from a Judgment Order and Decree of Divorce of the

Champaign County Court of Common Pleas, Domestic Relations Division, which ordered

him to pay spousal support to his former wife indefinitely, without retaining jurisdiction to

modify the award. He also appeals from a judgment granting Gail Seitz relief from judgment pursuant to Civ.R. 60(B), and incorporating a spousal support arrearage that had accumulated under the terms of their Legal Separation. For the following reasons, the decree of divorce will be reversed and remanded for the limited purpose of entering an amended order that retains jurisdiction over the award of spousal support. The judgment granting Civ.R. 60(B) relief will be affirmed.

I

{¶ 2} John and Gail Seitz were married in 1969. In 2004, Mr. Seitz filed a complaint for divorce in Clark County, Ohio, but the parties subsequently agreed to a legal separation. The Clark County court's "Agreed Entry and Decree of Legal Separation," which was filed in March 2006, stated that it was "financially impossible for the parties to divorce," in part because Mrs. Seitz had "significant health problems and need[ed] to remain on [Mr. Seitz's] health insurance policy." The separation agreement provided for the division of all marital property and established temporary spousal support of $480.76 per week, based on Mr. Seitz's approximate net annual income of $60,000.[1] The Clark County court retained jurisdiction over spousal support. Over the next two years, the parties filed several motions to increase or decrease spousal support, and Mrs. Seitz filed one motion for a finding of contempt because Mr. Seitz had failed to pay spousal support.

{¶ 3} In April 2008, Mr. Seitz filed a Complaint for Divorce in Clark County. By that time, however, neither party lived in Clark County, and the Clark County court dismissed

---

[1] For an initial period, while the parties attempted to sell the marital home, Mrs. Seitz lived in the home while Mr. Seitz paid the mortgage, and he paid only $159.99 per week in spousal support.

the complaint for improper venue. In September 2008, Mr. Seitz filed a Complaint for Divorce in Champaign County. He also filed a Motion to Decrease and/or Suspend Spousal Support. In an Agreed Entry filed in the Clark County court, the issue of spousal support, which had been addressed in the Decree of Legal Separation, was "transferred" to Champaign County, to be addressed in the divorce action. According to the Champaign County Court of Common Pleas ("the trial court") in its Judgment Order and Decree of Divorce, the only issues before it were the divorce and spousal support; the division of property, including retirement benefits, had been "completely and appropriately resolved in the proceeding for legal separation" in Clark County.

{¶ 4} On February 16, 2010, the trial court granted the divorce and ordered Mr. Seitz to pay spousal support in the amount of $1,250 per month for ten years, unless either party died or Mrs. Seitz remarried. The trial court also ordered Mr. Seitz to pay for Mrs. Seitz's health insurance as along as she was eligible under COBRA. The trial court ordered that, after ten years, Mr. Seitz should pay spousal support in the amount of $10,000 per year for the remainder of Mrs. Seitz's life, unless either party died or Mrs. Seitz remarried. The trial court explicitly did not retain jurisdiction over its award of spousal support. At the time of judgment, Mr. Seitz had a spousal support arrearage in the Clark County case; the trial court's judgment did not mention or address that arrearage.

{¶ 5} On March 12, 2010, Mr. Seitz appealed from the Judgment Order and Decree of Divorce. On March 29, 2010, Mrs. Seitz filed a cross-appeal. We filed an order to show cause why Mrs. Seitz's notice of cross-appeal should not be dismissed, because it was untimely.

**{¶ 6}** On May 6, 2010, Mr. Seitz filed a Civ.R. 60(B) motion to vacate judgment in the trial court on the basis that it had failed to retain jurisdiction over the issue of spousal support. He asked this court to stay all proceedings while the trial court considered modification of its prior order.

**{¶ 7}** On May 17, 2010, we rejected Mrs. Seitz's explanation for the untimely filing of her notice of appeal and dismissed her cross-appeal. Shortly thereafter, Mrs. Seitz filed a motion in the trial court pursuant to Civ.R. 60(A) and (B) seeking "to correct clerical oversight" in that the trial court had failed to include findings of fact in support of its decision not to retain jurisdiction over spousal support and had failed to "preserve the spousal support arrearage" that existed under the Decree of Legal Separation. She filed a "Supplemental Motion Pursuant to Rule 60(B)(1)," which also related to the trial court's failure to address the spousal support arrearage that had accrued during their legal separation.

**{¶ 8}** Mr. Seitz filed a motion to dismiss Mrs. Seitz's Civ.R. 60(B) motion to vacate on the grounds that she was attempting to use the motion as a substitute for an appeal. The trial court denied Mr. Seitz's motion to dismiss Mrs. Seitz's Civ.R. 60(B) motion.

**{¶ 9}** The trial court overruled Mr. Seitz's Civ.R. 60(B) motion alleging that the judgment should have been corrected to retain jurisdiction over spousal support. It also overruled Mrs. Seitz's motion under Civ.R. 60(A), which sought findings of facts in support of the trial court's decision not to retain jurisdiction over spousal support. It sustained Mrs. Seitz's Civ.R. 60(B) motion, finding that it had "inadvertently failed to recognize and preserve the spousal support arrears" and retained jurisdiction over the arrearage in the future.

**{¶ 10}** Mr. Seitz raises two assignments of error on appeal.

II

{¶ 11} Mr. Seitz's first assignment of error states:

{¶ 12} "IT IS AN ABUSE OF DISCRETION FOR THE CHAMPAIGN COUNTY COURT OF COMMON PLEAS, DOMESTIC DIVISION, TO DECLINE TO RESERVE JURISDICTION OVER SPOUSAL SUPPORT WHEN THE COURT HAS AWARDED SPOUSAL SUPPORT   IN A SUBSTANTIAL AMOUNT WHICH IS TO CONTINUE FOR A SIGNIFICANT PERIOD OF TIME."

{¶ 13} Mr. Seitz claims that the trial court abused its discretion in failing to retain jurisdiction over spousal support.

{¶ 14} "The decision [of] whether to retain jurisdiction to modify a spousal support award is within the trial court's discretion." *Board v. Board* (March 23, 2001), Clark App. No. 2000 CA 42, citing *Ricketts v. Ricketts* (1996), 109 Ohio App.3d 746, 755.   A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. Id.

{¶ 15} We have held that it is an abuse of discretion not to reserve jurisdiction to modify an award of spousal support that is to continue for a significant period of time. *Dyer v. Dyer* (Jan. 22, 1992), Clark App. No. 2801; *Canales v. Canales* (March 17, 1989), Greene App. No. 88CA52.   Although the determination is a fact-sensitive one, we have held that a trial court abused its discretion in failing to retain jurisdiction over a spousal support award of as little as three years, finding that an award of such a duration was "long enough to justify reservation of jurisdiction" because there was a substantial likelihood that the economic conditions of the parties would change. *Jackson v. Jackson* (Nov. 8, 1996), Montgomery

App. No. 15795. "*** Ohio courts generally agree that a trial court abuses its discretion in failing to reserve jurisdiction when imposing an indefinite award of spousal support." *Kuper v. Halback*, Franklin App. No. 09AP-899, 2010-Ohio-3020, ¶62.

{¶ 16} In this case, the evidence presented at the hearing established that Mrs. Seitz, age 58, had no income other than spousal support, "no income history other than some part-time clerical work at the church," and no marketable skills. She was in "very poor health," with a "multitude of medical problems," including diabetes, and with emotional issues related to the death of a child many years earlier. She was taking fourteen medications each day. The court observed that her "sedentary lifestyle may contribute to or exacerbate her claimed difficulties," and that "no testimony, other than hers, indicates that she is or should be an invalid from these ailments."

{¶ 17} Mr. Seitz, age 59, a trained electrician, had been laid off from Navistar and was receiving unemployment compensation at the time of the hearing. He acknowledged a possibility that he could be recalled to work in the future. He was in good health. He expressed his opinion that Mrs. Seitz had not fully explored or pursued other benefits to which she might be entitled, if her physical and mental conditions were as debilitating as she claimed.

{¶ 18} The court found that the parties' assets and liabilities were "comparable" except that Mr. Seitz was required to pay $25,000 per year in spousal support pursuant to their decree of legal separation. Their only retirement benefits were Mr. Seitz's pension and 401(k), which had already been divided. According to the trial court, Mr. Seitz agreed that Mrs. Seitz should be awarded spousal support, but disputed the amount sought by Mrs. Seitz.

Mrs. Seitz argued that the issue of spousal support had been resolved in the Decree of Legal Separation, and res judicata barred further consideration of the issue. In the alternative, she sought $25,000 per year, or approximately $2,083 per month, for the rest of her life. Mr. Seitz thought Mrs. Seitz should be awarded $9,000 per year, or $750 per month.

{¶ 19} The trial court ordered Mr. Seitz to pay spousal support in the amount of $15,000 per year ($1,250 per month) for ten years and to provide health insurance for Mrs. Seitz for as long as she was eligible for coverage under COBRA. The trial court further ordered that, after the initial ten year period, Mr. Seitz would be required to pay spousal support in the amount of $10,000 per year (approximately $833 per month). In any event, spousal support was to continue until Mrs. Seitz's death or remarriage.

{¶ 20} With the facts before it, the trial court abused its discretion in failing to retain jurisdiction over spousal support when it imposed a significant and indefinite award. As noted above, a trial court arguably abuses its discretion in failing to retain jurisdiction over *any* indefinite award. But in this case, the age of the parties, the fact that Mr. Seitz was currently unemployed (but subject to recall) and dependent on unemployment compensation at the time of the decree, and the fact that Mrs. Seitz had medical problems (the severity and length of which were apparently in dispute) and was potentially eligible for disability or other benefits contributed to the likelihood that the economic conditions would change and provided additional reasons for the trial court to retain jurisdiction. This retention of jurisdiction could work to the "benefit" of either Mr. or Mrs. Seitz, but the court should have the future discretion to determine the effects of time and chance.

{¶ 21} The first assignment of error is sustained.

III

{¶ 22} Mr. Seitz's second assignment of error states:

{¶ 23} "IT IS AN ABUSE OF DISCRETION FOR THE COURT TO GRANT A CIV.R. 60(B) MOTION WHEN THE DEFENDANT FAILED TO MAKE A TIMELY APPEAL AND THE FACTUAL CIRCUMSTANCES RELATING TO THE FINAL DECREE ARE NOT MATERIALLY DIFFERENT TO THOSE PRESENTED AT TRIAL."

{¶ 24} Mr. Seitz claims that the trial court erred in granting relief from judgment "entirely based upon issues that could have been raised on timely appeal," i.e., the court's failure to incorporate a spousal support arrearage into its decree of divorce.

{¶ 25} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. Civ. R. 60(B)(1) permits trial courts to relieve parties or their legal representatives from a final judgment for "mistake, inadvertence, surprise or excusable neglect," and Mrs. Seitz relied on this provision.

{¶ 26} Civ.R. 60(B) motions for relief from judgment "cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." *Key v. Mitchell,* 81 Ohio St.3d 89, 91, 1998-Ohio-643; *Harris v. Anderson*, 109 Ohio St.3d 101, 102, 2006-Ohio-1934, at ¶9.

{¶ 27} Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77; *National City Mtge. Co. v. Johnson & Assoc. Financial Services, Inc.,* Montgomery App. No. 21164, 2006-Ohio-2364, ¶11. To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Board*, supra.

{¶ 28} Mr. Seitz argues that Mrs. Seitz improperly used her Civ.R. 60(B) motion as a substitute for an appeal and that the trial court should not have addressed it. In support of this argument, he relies on the timeline of events, whereby Mrs. Seitz filed her Civ.R. 60(B) motion only after this court dismissed her appeal on the basis that her notice of appeal had been untimely.

{¶ 29} Although Mr. Seitz correctly observes that Mrs. Seitz's Civ.R. 60(B) motion was filed shortly after her appeal was dismissed, her then-dismissed notice of appeal did not suggest that she sought a reversal of the trial court's judgment based on its failure to include the arrearage in its orders. She listed as "probable issue(s) for review" the court's abuse of discretion in granting the divorce and the inadequacy of the court's spousal support and "health care" orders.

{¶ 30} The trial court had discretion in deciding whether to grant Mrs. Seitz's Civ.R. 60(B) motion for relief from judgment. *Griffey*, 33 Ohio St.3d at 77. In its decision, the trial court stated that it had "inadvertently failed to recognize and preserve the spousal support arrears [and] now corrects this oversight." Mr. Seitz does not dispute that an arrearage existed and does not appear to appeal the

court's eventual decision on the inclusion of the arrearage, but only the court's authority even to consider it by way of a Civ.R. 60(B) motion. Based on the record before us, if an arrearage existed and the trial court had intended to address it in the divorce decree, it did not abuse its discretion in correcting this omission by granting Mrs. Seitz's Civ.R. 60(B) motion.

{¶ 31} The second assignment of error is overruled.

IV

{¶ 32} The judgment and decree of divorce will be reversed and remanded for the limited purpose of entering an amended order that retains jurisdiction over the award of spousal support. The judgment granting Civ.R. 60(B) relief will be affirmed.

. . . . . . . . . .

HALL, J. and BROGAN, J., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Douglas W. Geyer
Valerie Juergens Wilt
Hon. Lori L. Reisinger