[Cite as *Issa v. Cleveland Metro. School Dist.*, 2025-Ohio-4848.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SONIA ISSA,                              :

    Plaintiff-Appellant,          :

                                          No. 114830

    v.                             :

CLEVELAND METROPOLITAN
SCHOOL DISTRICT, ET AL.,                 :

    Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-974024

---

### *Appearances:*

Wesley Alton Johnston, *for appellant.*

Consolo Law Firm Co., LPA, and Frank Consolo, *for appellees.*

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant Sonia Issa ("Issa") appeals the trial court's denial of her Civ.R. 60(B) motion for relief from judgment. She raises the following single assignment of error for review:

The trial court improperly denied [Issa's] motion for relief from judgment.

{¶ 2} For the reasons set forth below, we dismiss.

## I. Facts and Procedural History

{¶ 3} This is a refiled action arising from injuries that Issa alleges she sustained during a community food drive at Walton Elementary School when she slipped and fell on an onion that was on the ground. Issa filed her initial negligence action in May 2021, against defendants-appellees Cleveland Metropolitan School District, Dr. Gretchen Liggens, Principal of Walton Elementary School; and Aaron Hall, Vice Principal of Walton Elementary School (collectively referred to as "CMSD"). According to the complaint Issa filed, she suffered severe injury, including a fractured arm and injury to her hip. *See Issa v. Cleveland Metro. School Dist.*, Cuyahoga C.P. No. CV-21-947785. While CMSD's motion to dismiss for want of prosecution was pending, Issa filed a notice for voluntarily dismissal on January 20, 2022. The case was then refiled in January 2023, with a complaint virtually identical to the complaint filed in the initial action. In response, CMSD filed an answer in February 2023, and on July 22, 2024, CMSD filed a motion to dismiss for failure to prosecute under Civ.R. 41(B)(1) and, alternatively, moved for summary judgment based on statutory immunity.

{¶ 4} In their motion, CMSD argued that, in the initial action, they filed a motion to dismiss for failure to prosecute because Issa failed to respond to discovery requests and Issa subsequently voluntarily dismissed the case without prejudice.

CMSD further argued that, in the refiled case, Issa failed to appear to her court-ordered deposition, unilaterally cancelling it three times, she never submitted her expert report, and she failed to appear at the court-ordered mediation in June 2024. Alternatively, CMSD argued that they are entitled to summary judgment as a matter of law based on political-subdivision immunity. Two days later, on July 24, 2024, Issa and her counsel did not appear at the scheduled final pretrial. Then on August 6, 2024, the court granted CMSD's motion and dismissed the case for Issa's "failure to prosecute." (Journal Entry, Aug. 6, 2024.)

{¶ 5} On September 6, 2024, Issa appealed from this decision to our court. On September 11, 2024, we sua sponte dismissed Issa's appeal as untimely because the deadline to file the notice of appeal was September 5, 2024. *Issa v. Cleveland Metro. School Dist.*, No. 114333 (8th Dist.). Two months after our dismissal, Issa filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1)-(5) with the trial court.

{¶ 6} In her motion, Issa states that she was unaware of the scheduled mediation date. She further states that she had transportation and scheduling issues because of her health problems. CMSD opposed the motion, contending that Issa's motion contains no affidavit in support, but rather contains unsupported allegations about her health. CMSD further contended that Issa failed to establish a meritorious claim against it. On January 16, 2025, the trial court denied Issa's Civ.R. 60(B) motion.

**{¶ 7}** It is from this order that Issa now appeals, raising a single assignment of error for review.

## II. Law and Analysis

**{¶ 8}** Issa argues the trial court improperly denied her motion for relief from judgment because she demonstrated excusable neglect. She further argues that she would have survived summary judgment because material questions of fact exist as to whether the hazard CMSD created was open and obvious. CMSD, however, contends that Issa failed to timely appeal the dismissal and Issa is using the filing of her motion for relief from judgment as a substitute for her direct appeal. We agree.

**{¶ 9}** This court has previously stated:

> We have consistently refused to address assignments of errors from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely appeal — an act that we call "bootstrapping." *See, e.g., State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *State v. Jones*, 8th Dist. Cuyahoga No. 96630, 2012-Ohio-584, ¶ 25; *Chapon v. Std. Contracting*, 8th Dist. Cuyahoga No. 88959, 2007-Ohio-4306, ¶ 3; *Estate of Williams v. Deutsche Bank Trust Co. Am.*, 8th Dist. Cuyahoga No. 90967, 2008-Ohio-3981, ¶ 26. The reason why we prohibit bootstrapping in cases like this is that a Civ.R. 60(B) motion for relief from judgment is not a substitute for an appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 1998-Ohio-643, 689 N.E.2d 548 (1998).

*Basit v. Chapman*, 2016-Ohio-4562 (8th Dist.). *See also Bukovec v. Keger*, 2024-Ohio-1162 (8th Dist.). Moreover,

> "[t]his type of 'bootstrapping' *to wit*, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never

directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. *See*, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)."

*Winters v. Doe*, 1998 Ohio App. LEXIS 4221, *6 (8th Dist. Sept. 10, 1998), quoting *Church*.

{¶ 10} Here, the trial court issued a final appealable order on August 6, 2024, when it dismissed the case for Issa's failure to prosecute. Issa was required, under App.R. 4, to file her notice of appeal before September 5, 2024. Issa, however, filed her notice of appeal on September 6, 2024, making it untimely and resulting in the sua sponte dismissal of her appeal. *See Issa v. Cleveland Metro. School Dist.*, No. 114333 (8th Dist.). Then, Issa waited two months and filed her motion for relief from judgment with the trial court on November 20, 2024. The court denied this motion on January 16, 2025. Issa then filed her notice of appeal on February 18, 2025.

{¶ 11} By appealing from the January 16, 2025 journal entry denying her motion for relief from judgment, Issa is attempting to bootstrap arguments that are time-barred. In other words, Issa is attempting to utilize the instant appeal (denial of her Civ.R. 60(B) motion for relief from judgment) to improperly seek review of alleged errors that she failed to timely appeal (the dismissal of her refiled case for the failure to prosecute). As a result, we lack jurisdiction to consider this appeal. *Bukovec* at ¶ 17, citing *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 2007-Ohio-

3924, ¶ 17 (8th Dist.); *Rahim v. Superior Restaurant, Inc.*, 2005-Ohio-1963, ¶ 14 (8th Dist.).

{¶ 12} Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR