[Cite as *In re A.P.*, 2026-Ohio-743.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| IN RE A.P. | : | No. 115350 |
| A Minor Child | : | |
| [Appeal by Father, A.P.] | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 5, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR11721029

---

***Appearances:***

A.P., *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Father A.P. appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, denying his "Motion to Vacate Judgment" under Civ.R. 60(B). After a review of the pertinent facts and law, we dismiss this appeal.

{¶ 2} The record shows that on November 9, 2011, a complaint was filed against A.P. to establish paternity and for a child-support order for his minor child. Although service on A.P. was initially not perfected, on April 5, 2012, A.P. waived

service of summons, acknowledged receipt of the complaint, and voluntarily entered his appearance. He also acknowledged paternity.

{¶ 3} The juvenile court entered a child-support order ordering A.P. to pay $238.19 or $268.07 per month (the amount depending on if private health insurance was provided). He was also ordered to pay $64.58 in cash medical support for the child.

{¶ 4} On April 27, 2012, A.P. filed a motion to modify child support. A.P. appeared at the May 29, 2013 pretrial hearing on the motion. The trial court held a hearing on the motion on May 23, 2014, and A.P. appeared for that hearing as well. On June 25, 2014, the court issued its decision granting A.P.'s motion to modify and ordered that he pay $127.55 per month and $0 in cash medical support.

{¶ 5} On February 11, 2022, a motion to show cause was filed alleging that A.P. was $3,898.66 in arrears as of December 28, 2021. Although initial attempts to serve A.P. with the motion were unsuccessful, he was eventually served on July 14, 2022. A.P. appeared at hearings on the motion on October 5 and November 13, 2022. The court granted the motion to show cause and ordered A.P. to pay $127.55 per month in child support and $48.59 per month in arrears. The court also found A.P. to be in contempt for failure to pay child support, sentenced A.P. to serve eight days in jail, and suspended the sentence.

{¶ 6} A.P. continued to be involved in the case, appearing for hearings on July 14, 2023, December 27, 2023, and April 16, 2024. On April 16, 2024, the court

found that A.P. had not purged his contempt and ordered him to serve his jail sentence.

{¶ 7} On November 12, 2024, A.P. filed a "Demand for Dismissal with Prejudice," pursuant to Civ.R. 60, arguing that he had not been served with the initial service of summons and, therefore, the juvenile court did not have jurisdiction over him. The court denied his motion on November 26, 2024. A.P. did not appeal that decision. Rather, on June 4, 2025, A.P. filed another Civ.R. 60(B) motion, titled "Motion to Vacate Judgment and Dismiss for Lack of Personal Jurisdiction Pursuant to Civ.R. 60(B) and Civ.R. 4." In this motion, A.P. again argued that he was never properly served with the complaint, so the court did not have jurisdiction over him. On June 17, 2025, the trial court denied his motion, and the case is now before us on appeal.

{¶ 8} In his sole assignment of error, A.P. argues that the trial court erred when it denied his June 4, 2025 motion.

{¶ 9} As an initial matter, we must determine whether we have jurisdiction to hear this appeal. A.P.'s two motions, filed on November 12, 2024, and June 4, 2025, are largely the same motion. Both state that the motion is being made pursuant to Civ.R. 60 and both contain substantially the same argument — the trial court did not have personal jurisdiction over him because he was never properly served with the complaint. Although the trial court denied A.P.'s first Civ.R. 60(B) motion, A.P. did not appeal that decision. Rather, he filed a second Civ.R. 60(B) motion, making the same arguments he made in his previous motion.

{¶ 10} Civ.R. 60(B) provides that a court may relieve a party from a final judgment for several enumerated reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.[1]

{¶ 11} We have consistently refused to address assignments of error from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely appeal — an act known as "bootstrapping." *Issa v. Cleveland Metro. School Dist.*, 2025-Ohio-4848, ¶ 9 (8th Dist.), citing *Basit v. Chapman*, 2016-Ohio-4562 (8th Dist.). "Bootstrapping" is:

> "the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) [and] is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. *See*, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)."

*Issa* at *id.*, quoting *Winters v. Doe*, 1998 Ohio App. LEXIS 4221, *6 (8th Dist. Sept. 10, 1998).

---

[1] In his November 12, 2024 motion, A.P. claimed he was entitled to relief under Civ.R. 60(B)(4); in his June 4, 2025 motion, he did not specify under which subsection he was seeking relief.

**{¶ 12}** A Civ.R. 60(B) motion for relief from judgment is not a substitute for an appeal. *Issa* at *id.*, citing *Basit*; *see also Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus; *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998). Here, the trial court issued a final appealable order on November 26, 2024, when it denied A.P.'s first Civ.R. 60(B) motion. In case there was any confusion as to the finality of the order, the order denying the motion stated:

> Pursuant to Rule 34(J) of the Rules of Juvenile Procedure and Rules 3 and 4 of the Ohio Rules of Appellate Procedure, an appeal of the order herein may be taken to the Eighth District Court of Appeals by filing a Notice of Appeal . . . within thirty days of the entry of judgment or final order. Failure to file a timely Notice of Appeal may result in the dismissal of the appeal.

**{¶ 13}** A.P. was required, under App.R. 4, to file his notice of appeal within 30 days of the trial court's November 26, 2024 order denying his first Civ.R. 60(B) motion. But A.P. did not appeal that decision. Instead, A.P. waited several months and filed a second Civ.R. 60(B) motion, which the trial court denied on June 17, 2025.

**{¶ 14}** By appealing from the June 17, 2025 journal entry denying his motion to vacate, A.P. is attempting to bootstrap arguments that are time-barred. In other words, A.P. is attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal. As a result, we lack jurisdiction to consider this appeal. *See Issa*, 2025-Ohio-4848, at ¶ 11 (8th Dist.), citing *Bukovec v. Keger*, 2024-Ohio-1162 (8th Dist.) (holding that this court does not have jurisdiction to hear an appeal when appellant was trying to bootstrap a prior order

that was never properly appealed to challenge the trial court's denial of Civ.R. 60(B) motion).

{¶ 15} Accordingly, this appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EILEEN T. GALLAGHER, J., CONCUR