[Cite as *Kung v. State Farm Fire & Cas. Co.*, 2026-Ohio-1565.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALEXANDRIA KUNG,                           :

    Plaintiff-Appellant,               :

                                      No. 115719

    v.                                 :

STATE FARM FIRE AND CASUALTY    :
COMPANY,

    Defendant-Appellee.                :

_____

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2026

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-108512

_____

### *Appearances:*

Michael Shaut & Associates and Michael Shaut, *for appellant.*

Collins, Roche, Utley & Garner, LLC, Gregory H. Collins, and Kurt D. Anderson, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This case concerns a dispute over the insurance appraisal value of Alexandria Kung's ("Kung") possessions consisting of "an oracle bone and a hand-

painted silk tapestry" that were stolen from her home in December 2023.[1]  After a review of the relevant law and facts, we affirm.

{¶ 2}  Kung filed a claim with State Farm Fire and Casualty Company ("State Farm"), the insurance company that insured the items through a personal articles policy.  With Kung's cooperation, State Farm eventually determined the value of the articles.  Kung, however, disagreed with the value, leading her to file this matter in December 2024 against State Farm.

{¶ 3}  The complaint alleged that State Farm breached the terms of the policy because her claim (1) was not timely resolved and (2) had been mishandled in violation of the insurance contract and in bad faith.

{¶ 4}  In May 2025, State Farm filed a motion for partial summary judgment and requested that the court order an appraisal in accordance with the policy's terms.  Kung timely filed a brief in opposition.  After a pretrial, the court ordered an appraisal and held ruling on the motion for summary judgment in abeyance.

{¶ 5}  In August 2025, the parties filed a joint notice requesting that a mutually selected umpire be appointed to mediate the appraisal.  About a month later, State Farm's counsel filed a notice of appraisal and satisfaction, representing

---

[1] Kung's brief states that the hand-painted silk tapestry's "valuation is not seriously disputed, but its value is not represented in the final proposed settlement payment from Appellee."

that it had issued a check to Kung. The notice provided that the stolen oracle bone had been appraised at $5,000.

{¶ 6} That same day, Kung's counsel filed a motion to withdraw as counsel, citing an "irreconcilable breakdown in the attorney-client relationship." One day later, the court granted the motion. Two days later, State Farm filed a "motion for final judgment," asking the court to rule on the previously filed motion for summary judgment and issue a final ruling. The motion detailed that the appraisal was complete and Kung had been issued a check to satisfy the balance of her claim.[2]

{¶ 7} The trial court granted the motion for summary judgment. Nine days later, Kung, through her newly retained counsel, filed a Civ.R. 60(B) motion for relief from judgment. Kung advanced numerous arguments in support of her motion. First, the motion provided that Kung had not yet replaced her withdrawn counsel when summary judgment was granted. Her new counsel allegedly planned to file a motion in limine to block the admission of the umpire's report that was premised on affidavit evidence from another appraiser. When new counsel attempted to file the motion, however, counsel discovered that judgment had been entered and the case was closed. Second, the motion requested relief from judgment, suggesting that the umpire was "fraudulently approached and influenced by the [d]efendant to provide a [f]air [m]arket [v]alue in his report instead of an insurance appraisal" and included an affidavit from Kung averring as much.

---

[2] It does not appear that the hand-painted silk tapestry was appraised.

{¶ 8} The motion further argued that the umpire's decision "is itself not an appraisal, nor is it a qualifying appraisal," and that (1) the appraised oracle bones were not "the same type of oracle bones that were stolen from [Kung]"; thus, the fair market value of the evaluated bones could not be comparable to the insurance appraisal value of the stolen bone and (2) there was no agreement or understanding that the appraisal would be final and binding.

{¶ 9} In October 2025, the court denied the motion for relief from judgment. Kung's appeal assigns the following errors for our review.

I. The trial court erred in denying Plaintiff-Appellant's Motion for Relief from Judgment, as the Court did not review or rely upon the newly discovered evidence showing Defendant-Appellee's interference with the appraisal umpire.

II. The trial court erred in granting Appellee-Defendant's Motion for Final Judgment without providing proper notice to Appellant whose attorney had withdrawn from the case and had not yet been replaced.

III. The Court ignored that there were material facts in dispute and granted summary judgment as its Final Judgment, thus denying a jury trial to plaintiff to decide whether the valuation process was reasonable and fair to determine the insured value of the assets in question.

{¶ 10} We begin by addressing the third assignment of error that contests the validity of the court's final judgment.

{¶ 11} First, we note that Kung did not attach the judgment granting summary judgment to her notice of appeal in accordance with Loc.App.R. 3. She only attached the motion denying her Civ.R. 60(B) motion. However, even if she did attach the judgment granting summary judgment, this court still could not

consider any merits-based arguments pertaining to the judgment. This appeal was filed more than 30 days after the trial court granted summary judgment, which contravenes the 30-day mandate in App.R. 4(A)(1).

{¶ 12} "We have consistently refused to address assignments of error from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely appeal — an act known as 'bootstrapping.'" *In re A.P.*, 2026-Ohio-743, ¶ 11 (8th Dist.). Likewise, the notion that a party may not utilize a Civ.R. 60(B) as a substitute for an appeal has been long-accepted by Ohio courts. *See Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 131 (1986) (calling it "axiomatic" that a Civ.R. 60(B) filing may not be used as a substitute for an appeal). And, res judicata bars a party from relitigating a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued. *State v. Griffin*, 2013-Ohio-5481, ¶ 3.

{¶ 13} Because Kung did not appeal from the order granting summary judgment, any arguments contesting the merits of the summary judgment are barred by res judicata and are not properly before this court. We accordingly disregard Kung's third assignment of error in its entirety.

{¶ 14} Kung's remaining assignments of error contest the trial court's denial of the Civ.R. 60(B) motion for relief from judgment.[3] Appellate courts review

---

[3] Despite the second assignment of error explicitly contesting the "final judgment," the issue addressed is relevant to and usually raised in a Civ.R. 60(B) filing. We have accordingly reframed the second assignment of error as contesting the denial of the Civ.R. 60(B) filing.

appeals from Civ.R. 60(B) determinations for an abuse of discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way. *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 35. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 15} In her Civ.R. 60(B) motion, Kung alleged grounds for relief pursuant to Civ.R. 60(B)(1), (2), (3), and (6). In her appellate brief, Kung does not argue each of these grounds separately, nor does she address the *GTE Automatic* factors, so we address only her overarching arguments.

{¶ 16} As explained previously, we must disregard arguments concerning the merits of the summary-judgment ruling. This includes arguments concerning the propriety and alleged influence of the neutral umpire, the fair market valuation of the articles, the appraisal value of the items, whether the appraisal was binding under the policy language, and the other factual issues that Kung consistently disputes and continues to dispute now on appeal — all of which could have and

should have been raised in a direct appeal from the order granting summary judgment, but were not.

{¶ 17} Kung's motion for relief from judgment argues that despite this, we should relieve her from judgment because she was "never served nor notified of the valuation, motion, or court order." In the affidavit attached to her Civ.R. 60(B) motion, Kung averred that she "ha[d] not received notice of Defendant's Motion for Final Judgment, nor [had she] received a copy of this Court's grant of summary judgment to Defendants." That is the only sworn statement on the issue of service that was attached to the motion; there are no details indicating why former counsel did not share the filings with Kung. And Kung's averment that she had not received a copy of the final judgment does not negate that at the time that judgment was issued, Kung was represented by counsel. We do not have and have not been provided with any further information such as her efforts to find counsel, timing of new counsel's notice of appearance given that he planned to file a motion in limine and had retained an expert for it, or any other number of details that could have presented — and this court does not represent that they necessarily do — valid grounds for Civ.R. 60(B) relief from judgment.

{¶ 18} Kung has not demonstrated her entitlement to relief from judgment on the record before us. Accordingly, we cannot and do not find that the trial court erred in denying Kung's Civ.R. 60(B) motion. The first and second assignments of error are overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

LISA B. FORBES, P.J., and
TIMOTHY W. CLARY, J., CONCUR