[Cite as *T.S. v. L.J.R.*, 2026-Ohio-1862.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

T.S.,                                                             :

      Petitioner-Appellee,              :

                                         No. 115250

      v.                                                     :

L.J.R.,                                                         :

      Respondent-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 21, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-104601

---

***Appearances:***

    T.S., pro se.

    L.J.R., pro se.

ANITA LASTER MAYS, J.:

{¶ 1} Respondent-appellant L.J.R. appeals the trial court's issuance of a civil stalking protection  order ("CSPO") and asks this court to vacate the judgment. For the reasons set forth below, we dismiss.

## I. Facts and Procedural History

{¶ 2} On September 30, 2024, the magistrate conducted an emergency hearing to decide on a CSPO. The magistrate stated:

> So [T.S.], normally the court would never hear a case immediately, the same day the case was filed, we have to wait until all parties are notified. However, because there can be a risk of immediate harm we are allowed to have an emergency hearing and determine if a temporary order is necessary, and we also set the case for a full hearing. I will go into the details more after we get your testimony.

Tr. 3.

{¶ 3} At the hearing, petitioner T.S. testified that L.J.R. is her husband's affair partner. On July 27, 2023, L.J.R. sent T.S. a picture of T.S. and her children at a football game with a message that if L.J.R. cannot touch her, she can reach out to the people closest to T.S. L.J.R. also stated that she knew where T.S. worked. T.S. called the Cleveland Heights Police Department and filed a report. T.S. then testified that she was filing for a CSPO because on September 28, 2024, while she was at her son's football games, her son came to her and stated that "dad's mistress is here." T.S. pulled out her phone and zoomed in on L.J.R. at the game. T.S. waited until L.J.R. left the game to walk to her car with her four children. T.S. got in her car and observed L.J.R. following her and immediately called the police. The police arrived and took T.S.'s statement and advised her to get a CSPO. T.S. also testified that her two older children witnessed L.J.R. at the football games. The magistrate granted T.S. the temporary order, explaining that a full hearing would need to be conducted to get a permanent CSPO.

**{¶ 4}** The magistrate scheduled a full evidentiary hearing for October 18, 2024, and L.J.R. was served with the ex parte protection order on October 1, 2024. On October 17, 2024, the magistrate cancelled the hearing and rescheduled it for October 24, 2024. On October 24, 2024, the trial court held a hearing regarding T.S.'s petition for a CSPO. T.S. testified as to the events that took place on September 28, 2024. However, she also testified that after L.J.R. was served on October 1, 2024, with the emergency protection order, L.J.R. was arrested on October 5, 2024, at T.S.'s son's football game. T.S.'s son testified that he observed L.J.R. at his football game and called T.S.

**{¶ 5}** On December 4, 2024, the trial court granted the CSPO. On December 18, 2024, L.J.R. filed an objection to the trial court's adoption of the magistrate's decision. On January 17, 2025, the trial court overruled the objection to the court's adoption of the magistrate's decision stating that L.J.R. failed to meet her burden of showing that an error of law or other defect was evident on the face of the order or that credible evidence of record was insufficient to support the granting of the protection order.

**{¶ 6}** On April 16, 2025, L.J.R. filed a request for stay of proceedings. On April 28, 2025, the trial court denied the stay because the case had been fully adjudicated, and there were no remaining claims. Also, on April 28, 2025, L.J.R. filed her first motion for relief from judgment pursuant to Civ.R. 60(B). On May 1, 2025, T.S.'s husband filed a motion to modify or terminate the CSPO because it was making visitation with his children difficult. On May 2, 2025, L.J.R. filed an

amended motion for relief from judgment pursuant to Civ.R. 60(B). On May 23, 2025, the trial court denied L.J.R.'s amended motion. On June 20, 2025, T.S.'s husband filed a motion to expedite ruling on the motion to intervene. On that same day, L.J.R. filed a notice of appeal. On July 3, 2025, T.S.'s husband filed a notice of legal awareness and demand for ruling. On July 14, 2025, the trial court denied the pending motions stating that the court lost jurisdiction to proceed when the notice to appeal was filed.

{¶ 7} On July 15, 2025, L.J.R. filed a motion to clarify jurisdiction and compel ruling on the motion to intervene. On July 29, 2025, T.S.'s husband filed a notice of new evidence and request for clarification. On August 11, 2025, L.J.R. filed a notice filing an appellate motion with file stamp. On that same day, she also filed a third motion to vacate judgment pursuant to Civ.R. 60(B) and request for expedited consideration. On August 19, 2025, this court remanded to the trial court for the court to rule on L.J.R.'s pending Civ.R. 60(B) motion.

{¶ 8} On October 20, 2025, the trial court denied L.J.R.'s motion to vacate judgment pursuant to Civ.R. 60(B). However, this appeal does not concern that denial, but rather the trial court's May 23, 2025 denial of L.J.R.'s May 2, 2025 amended motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 9} L.J.R. filed an appeal, assigning three errors for our review:

1. The CSPO is void ab initio for lack of subject-matter jurisdiction because the trial court failed to hold the full hearing within ten court days of the ex parte order as mandated by R.C. 2903.214(D)(2)(a), and because statutory prerequisites to jurisdiction were not satisfied;

2. The trial court abused its discretion by unlawfully denying appellant's Civ.R. 60(B) motions despite meritorious jurisdictional, statutory, and due process grounds demonstrating that the CSPO cannot stand; and

3. This Court's prior single-judge dispositive ruling, entered during and around a limited remand and without a properly constituted panel, are void or reversible error under the Ohio Constitution, App.R. 12(A)(1), and controlling precedent, and should be vacated by the current panel.

{¶ 10} Because we find it dispositive of this appeal, we address L.J.R.'s second assigned error first.

### III.     Abuse of Discretion

{¶ 11} In L.J.R.'s second assignment of error, she argues that the trial court abused its discretion by unlawfully denying appellant's Civ.R. 60(B) motions despite meritorious jurisdictional, statutory, and due-process grounds demonstrating that the CSPO cannot stand.

{¶ 12} However, we find that L.J.R's appeal is time-barred. She was required to file an appeal of CSPO within 30 days of December 4, 2024, when the trial court granted the CSPO. *See* App.R. 4(A). Instead, on December 18, 2024, L.J.R. filed an objection to the trial court's adoption of the magistrate's decision. On January 17, 2025, the trial court overruled the objection to the court's adoption of the magistrate's decision. On April 16, 2025, L.J.R. filed a request for stay of proceedings. On April 28, 2025, the trial court denied the stay because the case had been fully adjudicated and there were no remaining claims. Also, on April 28, 2025, L.J.R. filed her first motion for relief from judgment pursuant to Civ.R. 60(B). On

May 2, 2025, L.J.R. filed an amended motion for relief from judgment pursuant to Civ.R. 60(B). On May 23, 2025, the trial court denied L.J.R.'s amended motion.

{¶ 13} L.J.R. filed this appeal challenging the trial court's denial of her Civ.R. 60(B) motion. This court has previously stated:

> We have consistently refused to address assignments of errors from a final order that was not the subject of a timely notice of appeal when those assignments of error are raised as part of an otherwise timely appeal — an act that we call "bootstrapping." (Internal citation omitted.). The reason why we prohibit bootstrapping in cases like this is that a Civ.R. 60(B) motion for relief from judgment is not a substitute for an appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus; *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998).

*Issa v. Cleveland Metro. School Dist.*, 2025-Ohio-4848, ¶ 9 (8th Dist.), quoting *Basit v. Chapman*, 2016-Ohio-4562 (8th Dist.). *See also Bukovec v. Keger*, 2024-Ohio-1162 (8th Dist.).

{¶ 14} Like the defendant in *Issa,* L.J.R. is appealing from the journal entry denying her motion for relief from judgment. She is attempting to bootstrap arguments of the dismissal of the CSPO that are time-barred. In other words, L.J.R. is attempting to utilize the instant appeal (denial of her Civ.R. 60(B) motion for relief from judgment) to improperly seek review of alleged errors of the CSPO judgment that she failed to timely appeal. As a result, we lack jurisdiction to consider this appeal. *Bukovec* at ¶ 17, citing *Schmidt v. Bankers Title & Escrow Agency, Inc.*, 2007-Ohio-3924, ¶ 17 (8th Dist.); *Rahim v. Superior Restaurant, Inc.*, 2005-Ohio-1963, ¶ 14 (8th Dist.).

{¶ 15} Therefore, L.J.R.'s appeal is dismissed on these grounds.

{¶ 16} Because we find that the second assignment of error is dispositive of this appeal, L.J.R.'s remaining assignments of error challenging the trial court's judgment is rendered moot. App.R. 12(A)(1)(c).

{¶ 17} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
LISA B. FORBES, P.J., CONCURS IN JUDGMENT ONLY