[Cite as *Higle v. Engle*, 2026-Ohio-2123.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


ABIGAIL HIGLE,                                    :

    Appellee,                                   :
                                 CASE NO. CA2025-08-012

vs.                                               :
                                 <u>OPINION AND</u>
                                 <u>JUDGMENT ENTRY</u>
RALPH CURTIS ENGLE II,                            :
                                 6/8/2026
    Appellant.                                  :

                                         :


CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 20240500


Walker Law, LLC, and Jonathan D. Walker, for appellee.

Ralph Curtis Engle, II, pro se.


**O P I N I O N**


**M. POWELL, J.**

{¶ 1} Appellant, Ralph Curtis Engle II, appeals a decision of the Brown County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion for relief.

{¶ 2} On August 5, 2024, appellee, Abigal Higle, filed a petition for a domestic violence civil protection order ("DVCPO") against appellant on behalf of herself and the parties' 11-year-old child. That same day, following an ex parte hearing during which Higle testified, a magistrate issued an ex parte DVCPO and scheduled a full hearing on Higle's petition for August 15, 2024. Subsequently, the parties jointly moved to continue the hearing to retain counsel. The trial court granted the continuance and rescheduled the full hearing for October 11, 2024.

{¶ 3} On October 11, 2024, both parties appeared at the hearing, represented by counsel. Following negotiations, the parties entered into a consent agreement, listing Higle and the parties' child as protected parties. The consent agreement stated that "the parties agreed to enter into this consent agreement. There is no finding of domestic violence," that Higle was granted exclusive possession of the residence, and that appellant was permitted to stay in his property next door, provided there was no contact with Higle or the child. The consent agreement and domestic violence civil protection order was signed by the parties, their attorneys, and the trial judge. The consent agreement was filed and adopted as an order of the trial court on October 17, 2024.

{¶ 4} On July 28, 2025, appellant, acting pro se, filed a Civ.R. 60(B) motion, seeking "relief from the judgment issued on or about August 5, 2024, pursuant to Civ.R. 60(B)(1), (3), and (5)." In other words, appellant sought relief from the magistrate's August 5, 2024 ex parte DVCPO and not from the trial court's adoption of the consent agreement. Appellant asserted he was entitled to relief under Civ.R. 60(B)(1), (B)(3), and (B)(5) because he was removed from his home without prior hearing or warning, Higle submitted materially misleading claims to the court, and "the combination of attorney misconduct, lack of notice, and resulting property and family loss justifies equitable relief." On July 29, 2025, the trial court denied the Civ.R. 60(B) motion as without merit.

{¶ 5} Appellant now appeals, pro se, the denial of his Civ.R. 60(B) motion, raising 11 assignments of error. His first six assignments of error and his eighth assignment of error assert that (1) the trial court erred in finding there was "immediate and present danger," (2) the trial court improperly relied upon Higle's hearsay testimony, (3) the magistrate made prejudicial remarks, prejudging appellant's future conduct, (4) the residence exclusion was overbroad and vague, (5) the magistrate improperly assigned custody of the child to Higle without due process by invoking R.C. 3109.042, (6) appellant was deprived of parental, property, and financial rights without adequate notice or adversarial hearing, and (7) the testimony of Higle's brother, a sheriff's office employee, undermined impartiality. Appellant's last three assignments of error and his seventh assignment of error ostensibly challenge collateral allegations and events that were not adjudicated within the DVCPO proceedings, to wit, (1) Brown County Job and Family Services unlawfully removed the child in retaliation for his report of child sexual abuse, (2) the trial court failed to establish exigency in relation to the agency's removal of the child, (3) the combined acts of sabotaging a land deal, evicting appellant without process, and disregarding his property interests evidence abuse of process and collusion, and (4) appellant suffered collateral financial harm through the unauthorized manipulation of his financial accounts.

{¶ 6} Before addressing the merits of appellant's assignments of error, we first determine whether this appeal is properly before us.

{¶ 7} Appellant appeals the trial court's denial of his Civ.R. 60(B) motion which sought to vacate the magistrate's August 5, 2024 ex parte DVCPO. R.C. 3113.31(G)(1) governs the appealability of orders granting or denying domestic violence civil protection orders, and as pertinent here, provides that "[a]n order issued under this section, other than an ex parte order, that . . . approves a consent agreement, . . . is a final, appealable

- 3 -

order." Therefore, the August 5, 2024 ex parte order was not a final appealable order. *Daugherty v. Daugherty*, 2012-Ohio-1520, ¶ 15 (4th Dist.); *J.J. v. Kilgore*, 2021-Ohio-928, ¶ 7 (10th Dist.); *Hanna v. Keszei*, 2009-Ohio-4136, ¶ 6 (12th Dist.). Furthermore, the trial court's filing and adoption of the parties' consent agreement on October 17, 2024, superseded the ex parte order, rendering any possible or claimed error in the ex parte order moot. *Daugherty* at ¶ 15; *J.J.* at ¶ 7.

{¶ 8} The October 17, 2024 consent agreement was a final appealable order under R.C. 3113.31(G)(1). However, appellant did not appeal the consent agreement. *See* App.R. 4(A). Rather, nine months later, appellant filed his Civ.R. 60(B) motion. It is well established that "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." *Key v. Mitchell*, 1998-Ohio-643, ¶ 5. Civ.R. 60(B) "'does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision.'" *Scrimizzi v. Scrimizzi*, 2019-Ohio-2793, ¶ 53 (12th Dist.), quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 15.

{¶ 9} Appellant is essentially attempting to gain review of the consent agreement and civil protection order granted against him by appealing the trial court's denial of his Civ.R. 60(B) motion. Or, as the Eighth District Court of Appeals described it, by appealing the trial court's judgment entry denying his motion to vacate, appellant "is attempting to bootstrap arguments that are time-barred. In other words, [he] is attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal." *In re A.P.*, 2026-Ohio-743, ¶ 14 (8th Dist.); *T.S. v. L.J.R.*, 2026-Ohio-1862, ¶ 14 (8th Dist.) (respondent attempting to utilize the instant appeal of the denial of her Civ.R. 60[B] motion to improperly seek review of alleged errors of the civil stalking protection order she failed to timely appeal). However, "[s]uch procedural devices cannot be used in order to obtain

review of a judgment where a timely appeal was not filed." *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 192 (1988). "If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing . . . a [Civ.R. 60(B)] motion to vacate judgment." *Id.*

{¶ 10} Accordingly, we dismiss appellant's appeal. *Key*, 1998-Ohio-643, at ¶ 5-7; *T.S.* at ¶ 14-15; *Pike v. Piatt*, 2016-Ohio-5041 (7th Dist.).

{¶ 11} Appeal dismissed.

HENDRICKSON, P.J., and PIPER , J., concur.

## J U D G M E N T   E N T R Y

Upon consideration of the appeal and briefs before this court, it is the order of this court that this appeal should be and hereby is dismissed because this court does not have jurisdiction to consider the present matter for lack of a timely filed notice of appeal of the October 17, 2024 consent agreement and domestic violence civil protection order pursuant to App.R. 4(A).

It is further ordered that a mandate be sent to the Brown County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed to appellant.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Mike Powell, Judge*